Paul Ross
PO Box 483
Paul, ID  83347
T: (208) 219-7997
#8676
F: (208) 416-6996
paul@paulnjrosslaw.com
Attorney for Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>MIKE TERANCE TRACY,<br>JULIA SCYSILLIA NELSIONI,<br><br>　　　　　Debtors. | Case No. 20-40074-JMM |
| NANCY KUNAU,<br><br>　　　　　Plaintiff,<br>vs.<br><br>MIKE TERANCE TRACY,<br><br>　　　　　Defendant. | Adversary No. 20-08024-JMM |

COMPLAINT TO DETERMINE DISCHARGEABILITY

　　　　Plaintiff, appearing through the undersigned attorney, brings this Adversary Proceeding to determine dischargeability of debts owed by Debtor.

A.  JURISDICTION AND VENUE

　　　　1.　　This Adversary Proceeding arises under Title 11 of the United States Code and arises in or related to the Chapter 7 case now pending, case #20-40074-JMM.  Debtors filed a voluntary petition on 28 October 2020.  Dkt. No. 1.

　　　　2.　　Plaintiff claims under 11 USC 523 pursued in this Adversary Proceeding constitute a Core Proceeding pursuant to 28 USC §157 and related authority.  To any degree any part of this proceeding may not be a Core Proceeding, Creditor consents to the bankruptcy court entering a final order and judgments on all claims.

3. Debtors are husband and wife and residents of Cassia County, Idaho. Dkt. No. 1. Each are subject to personal jurisdiction of this Court, after service, by virtue of their physical presence and residence in the State of Idaho. Additionally, this Adversary Proceeding relates to the bankruptcy filed by Mike Terance Tracy ("Debtor") and Julia Scysillia Nelsioni, Case 20-40074-JMM, for which Plaintiff holds a claim, filed 25 March 2020. Claim No. 1.

4. Dr. Nancy Kunau ("Kunau") is a resident of Cassia County, Idaho.

**B. FACTUAL ALLEGATIONS**

5. Kenna Dawn Tracy filed for divorce against Debtor in Idaho 5th District, Cassia County Magistrate Court on 22 April 2015. A Partial Judgment of Divorce was entered 16 December 2015. An Amended Judgment of Divorce was entered 2 February 2017. A Petition to Modify Child Custody and Support was subsequently filed 11 March 2019. Ex. A. A Motion to Appoint Guardian ad Litem ("GAL") was filed 9 August 2019 with the appointment of Kunau in an Order Appointing GAL entered 16 August 2019. An Amended Order Appointing GAL was entered 11 September 2019. Ex. B. Such order expressly states Kunau is to determine and act for the best interest of the children. Ex. B. ¶5. After a hearing on 18 September 2019 and for reasons stated on the record, the Court appointed an attorney for Kunau as GAL. The Order appointing her attorney was entered 9 October 2019. Ex. C. That same order also made Debtor solely responsible for the costs and fees of the GAL and her counsel. Id.

6. Kunau and her attorney worked diligently on the case during the appointed period. The Petition to Modify was resolved 17 December 2019. Ex. D. The Cassia Magistrate Court orally indicated that Kunau would be retained to continue to work for the best interests of the children involved. On 2 January 2020 Kunau and her counsel moved the Cassia

Magistrate Court for a Judgment for their fees and costs expended in the case. Ex. E. That Judgment was entered 3 January 2020. Ex. F. Kunau and her counsel continue to incur costs and fees in the ongoing GAL role and those additional costs between the Judgment and Debtor's bankruptcy petition date as reflected in the related claim. Ex. D., ¶3; Claim No. 1.

### C.  COUNT ONE – DOMESTIC SUPPORT OBLIGATION

Plaintiff realleges the allegations of Paragraphs 1 – 6 and incorporates the same by reference.

7. Idaho law permits a state court to appoint and provide for compensation of a GAL. Idaho Rules of Family Law Procedure ("IRFLP") 114; Abolafia v. Reeves, 277 P.3d 345, 349 (Idaho 2012); Idaho Code ("IC") §32-704. Such compensation can be in the nature of support and also awarded for counsel of represented parties. IC §32-704(3) and (4). Cassia Magistrate Court found the need for an appointed GAL and appointed Kunau to fill that role. Ex. B. Counsel was also appointed for the GAL in the case. Ex. C.

8. Based upon the Court's appointment of GAL and attorney for GAL in a child custody and support modification, such debts arose pursuant to finding and determining the best interests of the Tracy children. Ex. D., ¶3. Further, the Court's fee shifting of the fees and costs solely to Debtor based on the capabilities of the parties to pay along with the circumstances and contentious nature of the litigation makes the debt one in the nature of support. Ex. D. ¶3; IC §32-704; In re Chang, 163 F.3d 1138, 1141 (9th Cir. 1998).

9. The debt owing to Kunau and her legal counsel were incurred as third parties on behalf of a child or former spouse of the Debtor and qualify as Domestic Support Obligations. Ex. D., ¶3; Rivera v. Orange County Probation Dept., 832 F.3d 1103, 1106-07 (9th Cir. 2016).

Such orders were ordered as part of a divorce proceeding.  Ex. D.; §101(14A); <u>Rivera</u>, 832 F.3d at 1108.

10. Under 11 U.S.C. § 523(5) and/or (15) such domestic support obligations are nondischargeable.

11. Plaintiff is entitled to attorney fees and costs pursuant to IC §§12-120, 12-121, 32-704, and Idaho R. Civ. P. 54.  Additionally, the Cassia Magistrate Court expressly indicated that Defendant "shall be responsible for 100% of the cost of the attorney for the Guardian ad Litem and the cost of the Guardian ad Litem."  Ex. D., ¶3; Ex. C., ¶6.

WHEREFORE, Plaintiff prays that the debt owed by Debtor be found nondischargeable pursuant to §523(a)(5) and/or (15), that Debtor be responsible for the fees and costs of this action incurred by Plaintiff, and any other and further relief that is just and equitable according to law.

DATED this 10 April 2020

                                          <u>/s/ Paul Ross</u>
                                          PAUL ROSS

Complaint